UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KELSEY BLUE, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:07-0161 |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| ADVANTAGE TITLE & ESCROW, INC., ) | |
| ) | |
| Defendant ) | |

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that a motion for partial summary judgment and a motion for summary judgment (Docket Entries 18 and 32) both be denied. In addition, the Magistrate Judge recommends that the motion to strike the affidavit of Beth Triplett (Docket Entry 29) be **granted** in part and **denied** in part.

### I. Background

Presently pending are three motions: Docket Entry 18, a motion for partial summary judgment filed by the Plaintiff; Docket Entry 31, a motion by the Plaintiff to strike an affidavit filed as part of Defendant's response to the motion for partial summary judgment; and Docket Entry 32, a motion for complete summary judgment filed by the Plaintiff. These matters have been briefed and are ready for decision.

The Plaintiff, acting *pro se*, filed her complaint (Docket Entry 1) on February 6, 2007. In the complaint Plaintiff alleged

that the Defendant had failed to pay her overtime in violation of the Fair Labor Standard Act (FLSA). She alleged that she had been improperly classified as an exempt employee when she should have been classified as an hourly employee. The Court subsequently conducted a frivolity review and allowed the Plaintiff to proceed in *forma pauperis*. The matter was referred to the undersigned for case management and for a report and recommendation as to any dispositive motions (Docket Entry 2).

The Defendant denied any violation of the FLSA and contended that the Plaintiff was properly classified as an exempt employee under that Act (Docket Entry No. 4). They further denied that she had, in fact, worked in excess of forty hours per week, regardless of her classification.

Plaintiff began this matter pro se, but her brother was allowed to participate in the status conference on July 17, 2007, based on his representation that he would enter an appearance within the next two weeks. As a result of this conference a new scheduling order was entered (Docket Entry 10). Unfortunately, Mr. Blue's involvement has subsequently caused considerable difficulty. Despite Mr. Blue's representation that he would enter an appearance within two weeks of July 17, 2007, he failed to do so. Defendant's counsel was unsure as to who to deal with following this July 17 conference because even though Mr. Blue did not follow up and enter the appearance as promised, he did communicate to the defendant

that he was acting as her attorney, and on August 30, 2007 instructed the defendant not to contact the plaintiff but rather to contact him about any communications concerning the facts and circumstances of the case.

These problems were not called to the Court's attention until the defendant filed a motion to compel on October 9, 2007 (Docket Entry No. 13). Following a further conference with the parties, the Magistrate Judge thought he had resolved this matter by his order of November 21, 2007 (Docket Entry No. 20). In this order the Magistrate Judge expressed his dissatisfaction with both sides about their handling of the case to that date. The defendant had failed to call the problem of delayed discovery to the Court's attention through a telephone conference, as required by the scheduling order, and Mr. Blue had caused confusion because of his representation that he would be filing a motion to appear within two weeks, and even though he had not entered a notice of appearance he directed the defendant not to contact the plaintiff but rather to contact him.

Despite a lack of appearance by Mr. Blue, from a reading of the pleadings it is clear that Mr. Blue was preparing documents for the plaintiff to sign pro se. Following the November 21 order, Mr. Blue finally filed a motion to appear pro hac vice in this matter on November 26, 2007 (Docket Entry No. 21). Mr. Blue's petition to appear was granted conditionally (Docket Entry No. 24).

3

In that order the Magistrate Judge specifically stated the motion for admission was granted "effective on association of local counsel." A review of the docket sheet shows that Mr. Blue has failed to associate local counsel as required by the Local Rules and, therefore, he is not admitted to practice in this case. Nevertheless, Mr. Blue has now filed as attorney for the plaintiff a motion to strike the defendant's summary judgment evidence (Docket Entry No. 31) and a motion for full summary judgment (Docket Entry No. 32). It is obvious that Mr. Blue prepared for the plaintiff's signature her pro se motion for partial summary judgment (Docket Entry No. 18).

Turning now to the plaintiff's pro se motion for partial summary judgment (Docket Entry No. 18), the Magistrate Judge would note that this pleading is not in proper form. There is no separate memorandum of law supporting the motion nor is there a separate statement of uncontested facts.

The Defendant responded to this motion for partial summary judgment in a memorandum (Docket Entry 25) and an affidavit of Beth Triplett, Vice President of the Defendant (Docket Entry 29). Defendant also filed a response to Plaintiff's concise statement of facts (Docket Entry No. 27), although they pointed out that the Plaintiff's statement contained in her motion, failed to comply with Rule 56 of the Local Rules inasmuch as it was not separately stated and each fact was not supported by specific citations to the record.

4

Plaintiff then filed a motion to strike the Defendant's summary judgment evidence (Docket Entry 31). The basic complaint was that the affidavit of Beth Triplett (Docket Entry 29) was based on information and belief and not personal knowledge. The Defendant responded to the motion to strike by pointing out that, in the first paragraph, Ms. Triplett clearly stated that she has personal knowledge of the matters contained in the affidavit.[1]

As will be discussed later, the Magistrate Judge believes that a substantial portion of Ms. Triplett's affidavit is appropriate and because of the affidavit there are questions of fact which precluded granting partial summary judgment on the issue of whether the Plaintiff is or is not exempt under the FLSA.

Finally, the Plaintiff, acting through her brother, next filed a motion for full summary judgment (Docket Entry 32) on December 21, 2007. This motion essentially argues that the Defendant did not adequately respond to their earlier motion for partial summary judgment and therefore that motion should be granted, establishing that the Plaintiff was not exempt from overtime and, therefore, is entitled to summary judgment on the issue of liability for overtime, liquidated damages, and attorneys' fees. Plaintiff supports this motion with an affidavit, but

---

[1] The Magistrate Judge finds it somewhat disingenuous for the Plaintiff to cite the information and belief portion of Ms. Triplett's affidavit without noting that she also stated that it was based on personal knowledge.

5

attaches no separate statement of undisputed facts. She did file an affidavit to support the motion (Docket Entry No. 33).

The Defendant responded to this motion for full summary judgment with a memorandum and another affidavit from Beth Triplett (Docket Entries 36 and 37). In their response Defendant points out that the Court has not yet granted the Plaintiff's motion for partial summary on the issue of whether she is covered by the FLSA or not. They further point out that she would only be entitled to liquidated damages if she prevailed on her main claims and could show that the Defendant did not have reasonable grounds for believing that it was in compliance of FLSA. Defendant further pointed out that Plaintiff is not entitled to attorneys' fees inasmuch as she was proceeding *pro se* in this matter and that Mr. Blue, who purports to be her attorney at the present time, has not been admitted in this matter since he has not complied with the Court's order conditioning his admission in this case to association with local counsel.

In Ms. Triplett's affidavit (Docket Entry 37), she disputes that Plaintiff worked overtime and attaches computer logs which she states show the precise time when Plaintiff logged on and off her computer. The Magistrate Judge has reviewed this Exhibit A to her affidavit and frankly finds it of limited use. There are a large number of entries for the date May 12, 2006, showing various times of logging out around 4:29 pm and 4:28pm. There is no showing that these entries pertain to other dates other than May

6

12, 2006, and the Magistrate Judge frankly is puzzled as to why there would be so many entries all showing May 12, 2007. There are a few entries at the end of April and the beginning of May that purport to show a time of generally around 8:45 pm, which the Magistrate Judge takes that the Defendant claims are the times she logged in on her computer. There are then a number of entries from roughly February to the end of April, which do show morning entries, generally in the 8:00 a.m. to 9:00 a.m. range. However, without some explanation as to the procedures for requiring employees to log on and log off their computers, this information is of limited value.

## II. Legal Discussion

The Magistrate Judge has applied the well established standard for determining summary judgment motions. Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails "to establish the existence of an element essential to that party's case and on which that party bears the burden of proof

7

at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). 2001 WL 753504, Chapman v. The Higbee Company, (6th Cir. 2001).

As an initial matter, the Magistrate Judge believes that the Plaintiff's *pro se* motion for partial summary judgment does not comport with the local rules and, in particular, it does not contain a specific statement of undisputed facts with reference to where those facts may be found in the record. However, regardless of the technical deficiencies, the Magistrate Judge believes that the Defendant has adequately responded to the matter to show that there are disputed questions of fact.

Ms. Triplett's affidavit (Docket Entry 29) does state on personal knowledge her view as company vice president of what Plaintiff's duties were and the discretion and independent judgment used in those positions. The Magistrate Judge would strike from paragraph 5 Ms. Triplett's statement "It was common knowledge in the office that Ms. Blue spent a good deal of her time on her real estate business during her work day at Advantage Title and Escrow." That statement is not based on personal knowledge, nevertheless she does state that based on her personal knowledge the Plaintiff was working on her personal real estate business on the side.

The Magistrate Judge would consider her opinion for what it is worth that Plaintiff was performing duties that qualified her as an administrative employee, just as the Magistrate Judge considers, for what it is worth, the Plaintiff's affidavit in which she concludes that she was only performing routine nondiscretionary

8

work. The determination of the duties and whether they are exempt or not under the FLSA is best left for the trier of fact and is not established by either party's affidavit.

Thus, as to Plaintiff's motion for partial summary judgement, there are clearly disputed facts as to whether or not she is or is not an exempt employee.

The motion for full summary judgment is even easier to dispose of. Again, despite the technical problems with the motion being filed by Mr. Blue, who is not properly admitted, the simple answer is that this motion is based on the premise that the first motion for partial summary judgment would be granted.

The Magistrate Judge does not believe the first motion should be granted and, accordingly, the Plaintiff has in no way established that she is not an exempt employee and therefore entitled to overtime. In addition, although the affidavit of Ms. Triplett with its attachment leaves much to be desired, it certainly appears that there are records from which one might well be able to conclude that Plaintiff did not work all of the hours that she claims.

The Defendant has certainly presented evidence that they reasonably believed that she was an administrative employee and exempt. Therefore, there would be a clear dispute of facts as to whether or not the Plaintiff would be entitled to liquidated damages should she prevail on her base claim. A reasonable but mistaken belief of an exemption is a defense to liquidated damages.

9

Finally, it is the Magistrate Judge's view that Mr. Blue has not properly been admitted in this case and would, therefore, not be entitled to attorneys' fees for work he has performed prior to a proper admission. A pro se party is not entitled to attorney fees.

### III. Recommendations

For the reasons stated above, the Magistrate Judge recommends that the motion for partial summary judgment and for summary judgment (Docket Entries 18 and 32) be **DENIED**; that the motion to strike be DENIED, with the exception that the phrase "It was common knowledge in the office that Ms. Blue spent a good deal of her time on her real estate business during her work day at Advantage Title and Escrow" be stricken.

It is further recommended that no pleadings be accepted from Mr. Blue until such time as he complies with the Court's previous order that his admission is only effective upon association of local counsel.

The Magistrate Judge further recommends that the District Judge set this matter for trial since the time for discovery and dispositive motions have passed.

The Clerk is **directed** to send a copy of this Report and Recommendation to Plaintiff at her last address, as in the Magistrate Judge's opinion she is not presently represented by Mr. Blue in this matter and must, therefore, respond pro se, absent Mr.

Blue's compliance with the Court's direction to associate local counsel. A copy should also be sent to Mr. Blue.

Under Rule 72(b) of the Federal rules of civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

The **Clerk** is directed to send a copy of this Report and Recommendation to Plaintiff, as in the Magistrate Judge's opinion she is not properly represented in this matter and must, therefore, respond *pro se* absent Mr. Blue's compliance with the Court's direction to associate local counsel.

**ENTERED** this 23rd day of January, 2008.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge